IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Roblox Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: 1:23-cv-5346 |
| | ) | |
| The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified On Schedule A Hereto, et al., | ) ) ) ) | Hon. Thomas M. Durkin Magistrate Hon. Sunil R. Harjani |
| | ) | |
| Defendants. | ) | |

MOTION TO DISMISS

COME NOW Defendants 230 (fartsandhearts) and 251 (smagnaferous), by and through counsel, and move the Court for dismissal of this action pursuant to Federal Rule of Procedure 12(b)(6), showing the Court as follows:

I.  INTRODUCTION

Plaintiff has filed a trademark infringement claim against 262 defendants, each of which appears to have a store on the TeePublic.com platform. Plaintiff has filed its

Defendant 230 is a shop on a custom t-shirt platform known as TeePublic.com. It is operated by Kelsey Carton, a resident of Australia. Carton sells custom t-shirts that bear her original designs. She named her TeePublic shop "fartsandhearts," a silly name befitting a shop selling goofy, custom-designed t-shirts. Plaintiff is suing Carton for trademark infringement under the Lanham Act, alleging that she is passing off goods that infringe on the Roblox

trademarks. Carton's t-shirt design is her original creative work which includes the word ROBLOX and does not infringe any of Plaintiff's marks.

Defendant 250 is a shop on TeePublic operated by Florida resident Paul Sowers. The shop is named "Smagnaferous." Smagnaferous is a silly word used by Sowers with his students. It does not relate in any way to Plaintiff or its marks. Plaintiff is alleging trademark infringement against Sowers and is alleging his is passing off goods that infringe on the Roblox trademarks. The t-shirt designed by Sowers reads "I ATE YOUR LEGENDARY MEGA NEON PET OOPS SORRY." (See Ex. B, Declaration of Paul Sowers). The listing references Roblox because the t-shirt is a satirical joke about the well-known fact that players on the Roblox platform sometimes steal one another's pets. It is a funny and entertaining part of the gaming experience. The single reference to Roblox in the description of the t-shirt is fair use and also does not infringe Plaintiff's marks.

II. ARGUMENT

    A. Legal Standard

A Rule 12(b)(6) motion challenges the sufficiency of a complaint. <u>Bonnstetter v. City of Chicago</u>, 811 F.3d 969, 973 (7th Cir. 2016). A complaint must contain enough information via "a short and plain statement of the claim" to give the defendant fair notice of the claim and its basis. Fed. R. Civ. P. 8(a)(2); <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). To prevail on either a trademark claim or unfair competition claim, a plaintiff must demonstrate that the defendants' use of a protectable mark is likely to cause confusion among consumers. <u>Phoenix Entm't Partners v. Rumsey</u>, 829 F.3d 817, 822 (7th Cir. 2016). A plaintiff must thus plead allegations that make it plausible that such likelihood of confusion exists. *See*, <u>Fortres Grand Corp. v. Warner Bros. Entm't</u>

Inc., 763 F.3d 696, 700 (7th Cir. 2014) ("Allegations of consumer confusion in a trademark suit, just like any other allegations in any other suit, cannot save a claim if they are implausible).

Instead, Plaintiff pleads facts which demonstrate the implausibility of a likelihood of confusion, namely, Defendant's fair use of Plaintiff's mark. 15 U.S.C. § 1115(b)(4); *See* Packman v. Chi Tribune Co., 267 F.3d 628, 639 (7th Cir. 2001) (observing that when no likelihood of consumer confusion exists, the defendants use is often found to be fair use). Statutory fair use will serve as a complete defense to a claim for trademark infringement if the Defendant can show: (i) it did not use the mark as a trademark; (ii) the use is descriptive of its goods; and (iii) it used the mark fairly and in good faith. Packman, 267 F.3d at 639. While fair use is an affirmative defense, the Court may consider an affirmative defense in analyzing a 12(b)(6) motion if the facts necessary to make the determination are evident on the face of the complaint. Hoopla Sports & Entm't, Inc. v. Nike, Inc., 947 F. Supp. 347, 356 (N.D. Ill. 1996), *quoting*, Quiller v. Barclays Am./Credit, Inc., 727 F.2d 1067, 1069 (11th Cir. 1984); Tamayo v. Blagojevich, 526 F.3d 1074, 1086 (7th Cir. 2008) ("If the plaintiff voluntarily provides unnecessary facts in her complaint, the defendant may use those facts to demonstrate that she is not entitled to relief."). Documents not attached to the complaint may be considered if they are referred to in the complaint, are concededly authentic, and are central to the plaintiff's claim. Hecker v. Deere & Co., 496 F. Supp. 2d 967, 972 (W.D. Wis. 2007), *aff'd*, 556 F.3d 575 (7th Cir. 2009), *citing*, Tierney v. Vahle, 304 F.3d 734, 738 (7th Cir. 2002).

    B.    Plaintiff's Complaint Against Defendants fartsandhearts and smagnaferous Should Be Dismissed Pursuant to Federal Rule of Civil Procedure 12(b)(6) Because The Use Of The Term ROBLOX In Their Online Listings Constitutes Fair Use.

Defendants' use of the term "ROBLOX" is fair use, and thus Plaintiff has failed to state a claim under the Lanham Act or Illinois law. Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is appropriate.

Defendant fartsandhearts used the word ROBLOX in an original design created by owner Kelsey Carton. (See Ex. A, Declaration of Kelsey Carton) The design reads "YES, I PLAY ROBLOX, Tell your mom to stop asking me to take her to Chili's." (Ex. 1 to Declaration of Kelsey Carton). It is clear from the silly name of Carton's store, the presence of her original design, and the absence of anything whatsoever indicating participation by ROBLOX that this is just a t-shirt with an original design on it that references ROBLOX. It is unreasonable to suggest that anyone looking at Carton's design would think that it belonged to ROBLOX.

It is clear from the TeePublic website that Carton's store, fartsandhearts, is not run by ROBLOX. ROBLOX claims in its Complaint that Defendant fartandhearts is selling "inferior imitations of Plaintiff's products." ECF No. 1, p. 2. If ROBLOX is selling t-shirts bearing Carton's design, they have admitted to committing copyright infringement. The more likely scenario is that ROBLOX is not selling Carton's design. They merely caused an insufficiently-researched Complaint to be filed, along with motions for a temporary restraining order and a preliminary injunction, seizing the assets of individuals like Carton who are not, in fact, infringing their marks.

With regard to Defendant 250, smagnaferous, Plaintiff is alleging infringement based on a product that does not bear any of its marks. (Ex. B, Declaration of Paul Sowers). Plaintiff is alleging trademark infringement against Sowers and is alleging that he is passing off goods that infringe on the Roblox trademarks. The t-shirt designed by Sowers reads "I ATE YOUR LEGENDARY MEGA NEON PET OOPS SORRY." (See Ex. B, Declaration of Paul Sowers). The listing description references Roblox because the t-shirt is a satirical joke about the well-known fact that players on the Roblox platform sometimes steal one another's pets. It is a funny and entertaining part of the gaming experience. The single reference to Roblox in the description of the t-shirt is fair use and does not infringe Plaintiff's marks.

It is starkly clear that these items are not an "inferior imitation" of any ROBLOX product nor are they even similar to any ROBLOX product. The mere mention of the word ROBLOX without more is simply not actionable.

Even if a case of infringement is established by the Plaintiff, "[u]nder 15 U.S.C. § 1115(b)(4), a defendant . . . may invoke the fair use defense by demonstrating that the alleged infringement 'is a use, otherwise than as a mark . . . which is descriptive of and used fairly and in good faith only to describe the goods or services of such party.'" *Sorensen v. WD-40 Co.*, 792 F.3d 712, 722 (7th Cir. 2015) (quoting § 1115(b)(4)). The affirmative defense of descriptive fair use is a complete defense and bars any liability for trademark infringement. The defense allows for the descriptive use of otherwise trademarked language and "is based on the principle that no one should be able to appropriate descriptive language through trademark registration." *Quaker Oats*, 978 F.2d at 951. To prevail on a fair use defense, Defendant must prove that the phrase

ROBLOX (1) was not used as a trademark or to indicate the source of the goods; (2); was used descriptively, only in order to describe its own goods; and (3) was used in good faith. 15 U.S.C. 1115(b)(4); *KP Permanent Make-Up*, 543 U.S. at 118. Each of these factors weighs in Defendants' favor.

Not all uses of a trademarked word or phrase qualify as trademark use. Rather, "[w]ords or phrases function as trademarks when they are used by a source of a product to identify itself to the public as the source of its product and to create in the public consciousness an awareness of the uniqueness of the source and of its products." *SportFuel, Inc. v. PepsiCo, Inc.,* 932 F.3d 589, 596 (7th Cir. 2019) (quoting *Sorensen*, 792 F.3d at 722-723). To decide whether a term is being used as a trademark, the Seventh Circuit assesses multiple factors, including: (1) whether the phrase is used with a company's "house mark"; (2) how prominently it is displayed compared to the house mark; (3) whether the phrase is used on all of its product packaging, or only in certain advertisements; and (4) whether the slogan is "catchy"—that is, whether it is meant to stick in a customer's head and create an association with the source. *Id.* at 598.

The word Roblox in the original design created by Defendant fartsandhearts and the listing details for the original design created by Defendant Smagnaferous simply do not emphasize or improperly use the word Roblox. The word Roblox appears once in the original design created by Defendant fartsandhearts along with other text without additional emphasis. The word Roblox appears in the listing details for the original design by Defendant Smagnaferous without special placement or emphasis. Such "non-privileged placement" of ROBLOX within the design and the

listing did not create an attention-getting symbol, and it did not function as a source indicator. *See Sorensen*, 792 F.3d at 724; *7th Hebrew Univ. of Jerusalem v. DealzEpic*, No. 21 CV 5492, 2022 U.S. Dist. LEXIS 136042, *5-12, 2022 U.S.P.Q.2D (BNA) 710 (N.D. Ill. 2022).

Turning to the second element of the fair use defense, phrases are "descriptive" within the meaning of the fair use exception where the term "names a characteristic of a product or service." *Sorensen*, 792 F.3d at 724. Descriptive use of a term is not a trademark violation; "[t]his rule ensures that competitors can market their products by describing them . . .[and] reflects that descriptors are a poor means to distinguish among competing products." *Uncommon, LLC v. Spigen, Inc.*, 926 F.3d 409, 420 (7th Cir. 2019) (citations omitted). This is a context-dependent analysis. *See Sunmark, Inc. v. Ocean Spray Cranberries, Inc.*, 64 F.3d 1055, 1059 (7th Cir. 1995); *see also Sorensen*, 792 F.3d at 725 (noting that the question of whether "delicious" was a descriptive term in the *shoe* market would be well-suited for the jury, whereas the question of whether the term "corrosion inhibitor" was clearly a descriptive term in the hardware market could fairly be decided on summary judgment).

Some considerations in the descriptiveness analysis include "how, and how often, the relevant market uses the word in question[,] . . . [whether] a mark imparts information directly [or] . . stands for an idea which requires some operation of the imagination to connect to the goods," and dictionary definitions. *Uncommon*, 926 F.3d at 422-423; *see also Sunmark*, 64 F.3d at 1058 (considering, in the descriptiveness analysis, that "[b]oth sweet and tart are words of description in ordinary English").

Defendant's use of the word Roblox provided an accurate and good-faith description of its product. "Descriptive phrases refer to a characteristic of the product." *SportFuel*, 932 F.3d at 599 (citing *Quaker Oats*, 978 F.2d at 953); *see also Sorensen*, 792 F.3d at 724 ("A descriptive term ordinarily names a characteristic of a product or service."). Whether a term is descriptive "depends not only on the term itself, but also on the product for which it serves as a source indicator." *Sorensen*, 792 F.3d at 725; *see also Car-Freshner Corp. v. S.C. Johnson & Son, Inc.*, 70 F.3d 267, 270 (2nd Cir. 1995) ("[F]air use permits others to use a protected mark to describe aspects of their own goods, provided the use is in good faith and not as a mark.").

Here, Defendants' use of the phrase was wholly descriptive, and there's nothing to suggest that their use of the mark to create humorous original works was in bad faith. *See, e.g., ETW Corp. v. Jireh Pub., Inc.*, 332 F.3d 915, 920-21 (6th Cir. 2003) (use of Tiger Woods's name on back of the envelope containing print and in narrative description of the print were purely descriptive, in good faith, and mentioned Woods "only to describe the content of the print.").

It is clear from reviewing Plaintiff's evidence regarding Defendants' online stores that the items are not in any way similar to any items sold by Plaintiff. Additionally, the listings do not imply any sort of a relationship to the Roblox trademarks or its business, and expressly identify themselves by name and brand on the online marketplace. *See*, Packman, 267 F.3d at 642; Ciociola v. Harley-Davidson Inc., 552 F. Supp. 2d 845, 864 (E.D. Wis. 2008), as amended (May 28, 2008) (defendant's use of plaintiff's mark was in good faith where defendant used its own distinctive

mark to indicate the product's source, suggesting lack of intent to use plaintiff's mark as a trademark). This removes any likelihood of confusion to consumers that there is some association or sponsorship between Plaintiff and Defendant's products.

Finally, a party asserting the fair use defense to trademark infringement "must show that it used the plaintiff's mark fairly and in good faith." Sorensen v. WD-40 Co., 792 F.3d 712, 725 (7th Cir. 2015). Courts may consider the dissimilarity in packaging, labeling, and display of the competing products when assessing good faith by the defendant. SportFuel, Inc. v. PepsiCo, Inc., 932 F.3d 589, 600 (7th Cir. 2019). "Mere knowledge" of the plaintiff's mark is insufficient to demonstrate bad faith. Id. The operators of both Defendant fartsandhearts and Smagnaferous have signed declarations confirming that their use of the word Roblox was in good faith. (Ex. A and B.) Plaintiff has not, and cannot, produce any admissible evidence to the contrary.

Alternatively, as a defense to Plaintiff's allegation of infringement of its marks, Defendants assert that their use of Plaintiff's mark (the word "Roblox") was merely nominative: i.e., used solely to name Plaintiff's product so that Defendant might identify and market its own product. The Ninth Circuit has recognized and upheld this defense in circumstances where the defendant can satisfy a three-part test. *New Kids on the Block v. News Am. Publ'g, Inc.*, 971 F.2d 302, 308 (9th Cir. 1992) (holding that 1) the defendant must show that its product was not reasonably identifiable without the plaintiff's mark; 2) that it used no more of the plaintiff's mark than was reasonably necessary; and 3) that it did not use the mark in a manner likely to suggest sponsorship or endorsement of its product by the plaintiff). Defendant easily satisfies this test,

and having successfully alleged nominative fair use, the "likelihood of confusion" element normally essential in trademark infringement cases becomes irrelevant. Another way of putting it is to say that "confusion" in this type of use of a mark is tolerated. *Id.* at 308.

The nominative fair use defense arises in cases when it is conceded—or obvious—that the defendant has used the plaintiff's mark to describe the plaintiff's product. *New Kids*, 971 F.2d at 308. "[S]uch *nominative use* of a mark—where the only word reasonably available to describe a particular thing is pressed into service lies outside the strictures of trademark law." *Id.* (emphasis in original). The Ninth Circuit went on to explain that the type of fair use recognized in *New Kids* naturally extends to situations in which the defendant uses the plaintiff's mark to describe the plaintiff's product *"even if the defendant's ultimate goal is to describe his own product."* *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1151 (9th Cir. 2002) (emphasis in original). The Court observed that "this is in fact the standard case of nominative fair use: Only rarely, if ever, will a defendant choose to refer to the plaintiff's product unless that reference ultimately helps to describe the defendant's own product." *Id.* at 1151, n. 8.

The Seventh Circuit has not ruled on the applicability of the nominative fair use defense, nor the standards by which a claim of nominative fair use should be evaluated. However, Courts within the Circuit have recognized the potential for a nominative fair use defense and applied *New Kids* test. *Ty, Inc. v. Publ'ns Int'l, Ltd.*, No. 99 C 5565, 2005 U.S. Dist. LEXIS 23420, *13-35 (N.D. Ill. 2005); *R. J. Reynolds Tobacco Co. v. Premium Tobacco Stores, Inc.*, 2001 U.S. Dist. LEXIS 8896 at *18 (N.D. Ill. June 28, 2001); *World Impressions, Inc. v. McDonald's Corp.*, 235 F. Supp. 2d 831, 843 (N.D. Ill. 2002). There is also no guiding precedent

within this Circuit on the relationship between a nominative fair use defense and the likelihood of confusion test for infringement. However, the Seventh Circuit has ruled that a finding of a likelihood of confusion does not preclude consideration of the classic (descriptive) fair use defense. *Ty*, 2005 U.S. Dist. LEXIS 23420, *13-35; *Sunmark, Inc. v. Ocean Spray Cranberries, Inc.*, 64 F.3d 1055, 1059 (7th Cir. 1995) (finding that confusion is not inconsistent with a fair use defense); *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 160 L. Ed. 2d 440, 125 S. Ct. 542, 550 (2004) (finding that a party raising the defense of descriptive fair use is not required to negate the likelihood that its use of the mark will confuse customers about the origin of the goods or services).

The *New Kids* analysis finds nominative use to be fair only after an analysis of both the nature and extent of the defendant's use of the mark, and a determination that the defendant did not do anything in conjunction with use of the mark to suggest sponsorship or endorsement. *New Kids*, 971 F.2d at 308. This test captures the difference between confusing use and misleading use—a distinction that is critical in cases alleging the nominative fair use. *Cf. Sunmark*, 64 F.3d at 1059 ("when the products involved are similar, 'likelihood of confusion *may* amount to using a word in a misleading' way, violating 15 U.S.C. § 1125(a)(1)—not because the likelihood of confusion makes the use nondescriptive, but because the confusion about the product's source shows that the words are being used, de facto, as a mark") (emphasis added).

Applied to the facts of this case, the *New Kids* nominative fair use test would require Defendants to prove: 1) the humor/jokes in their designs are not readily identifiable without use

of the word Roblox; 2) Defendant only used as much of the mark as was reasonably necessary to make the humorous original designs; and 3) Defendants did nothing in conjunction with their use of the mark to suggest sponsorship or endorsement of its product by Plaintiff. *New Kids,* 971 F.2d at 308.

Defendants' use of the word Roblox within their design and listings accurately described the humorous original design in the only manner it could. Further, Defendants did nothing in conjunction with their use of the word Roblox to suggest sponsorship or endorsement of its product by Plaintiff. In the design and listings, the word is used between among others—all written in same font and not highlighted in any way. Defendants did not use any official Roblox logos, images, designs and motifs in conjunction with its use of the word Roblox in their original design or listings.

III. CONCLUSION

Defendants have clearly shown that their use of the word Roblox in the original design by Defendant fartsandhearts and the listing details for Defendant Smagnaferous constitute fair use.

WHEREFORE, Defendants fartsandhearts and Smagnaferous respectfully request that the Court enter an Order dismissing them from this matter, entering judgment in their favor, and awarding them any other relief the Court deems just and proper.

Respectfully submitted,

/s/ Erin K. Russell
Erin K. Russell
THE RUSSELL FIRM, LLC
833 W. Chicago Avenue, Suite 508
Chicago, IL 60642
312-994-2424

<u>erin@russellfirmip.com</u>

<u>CERTIFICATE OF SERVICE</u>

 This is to certify that on October 27, 2022, a copy of the foregoing was filed via the Court's ECF filing system, thereby serving it upon all counsel of record.

<u>/s/ Erin K. Russell</u>