IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

_____

**ROBLOX CORPORATION,**

        **Plaintiff,**

                                              Case No. 23-cv-5346

v.

**THE INDIVIDUALS, CORPORATIONS, LIMITED
LIABILITY COMPANIES, PARTNERSHIPS
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A HERETO,**

        **Defendants.**
_____/

**<u>DEFENDANT BIGFINZ REPLY IN SUPPORT OF SUPPLEMENTAL MOTION TO
SET ASIDE DEFAULT JUDGMENT</u>**

      Plaintiff's response effectively concedes the purported service on Bigfinz was not proper and thus default must be vacated. Defendant is a resident of Florida and is entitled to due process. Federal Rule of Civil Procedure 4 requires he be actually served with process, and he hasn't been. As such, the Court must vacate the default. *See Espinoza v. Humphries*, 44 F.4th 275, 276 (5th Cir. 2022) ("A defendant cannot default if he had no duty to answer the suit—and he need not answer until 'service has been perfected.'") Plaintiff's response also shows that Defendant is not subjected to personal jurisdiction in this Court, confirming that Defendant's motion for dismissal should be granted after the Court vacates the default.

      **<u>Defendant Was Not Served With Process</u>**

      Plaintiff argues that "Federal Rule of Civil Procedure 4(h)(2) allows service of process on *<u>a corporation outside the United States as prescribed by Rule 4(f)</u>*." Plaintiff's Response, [Dkt. 76] at 6 (emphasis added). Plaintiff simply ignores the fact that Bigfinz is an individual who is a

resident of Florida. He is thus neither a corporation nor outside the United States. As such, Plaintiff concedes the rule on which it proceeded is inapplicable to Defendant Bigfinz, and thus service of process was not proper.

Plaintiff next argues that "Defendant fails to substantiate its claims that it resides in the United States." *Id*. at 7. This is simply false. Putting aside that every communication from Defendant to Plaintiff has explained extraordinarily clearly that Defendant is a man named John Lopilato who lives in Florida (and is caring for his sick son), Defendant also submitted an affidavit explaining clearly that "I [John Lopilato] am a resident of Florida. I am domiciled in Florida." *See* [Dkt. 59-1] at ¶ 2 (reattached here as Exhibit A). Plaintiff did not refute this statement because Plaintiff can't. There is no question that Bigfinz is a username/account that Mr. Lopilato uses on Teepublic, and there is no question that Mr. Lopilato is a resident of Florida. *See* Exhibit A at ¶ 2 ("I am a resident of Florida. I am domiciled in Florida. I make this declaration in support of my motion to dismiss the case against BigFinz (my Teepublic account).") As such, Mr. Lopilato is entitled to due process, and is entitled to proper service if Plaintiff intends to sue him. But that never took place, and the default judgment entered against him (and his property) must be vacated.

Plaintiff further complains that "no information from the e-commerce platforms TeePublic and Paypal" provided information to assist Plaintiff. Plaintiff's Response, [Dkt. 76] at 7. But Plaintiff's failure to get the discovery it needs to pursue its claims is not a basis to maintain an improperly granted default. The Court gave Plaintiff the tools it needed to discover from third parties the "identities and *locations* of Defendants … including all known contact information." *See* Court's TRO, [Dkt. 31] at ¶ 5 (emphasis added). If Plaintiff was struggling to get this information from a third party (notwithstanding that Defendant has repeatedly told Plaintiff that he is a Florida resident), Plaintiff could have used discovery tools to force the third parties to

provide their location information. Indeed, it is questionable why Plaintiff doesn't identify the actual locations of the people and entities it has improperly grouped together in this proceeding when the Court gave Plaintiff the tools it needs to do so.

Plaintiff then gives away its hand, and makes no argument specific to Bigfinz as to service. Instead, Plaintiff argues that the "vast majority of the defendants involved in this matter as well as similar trademark infringement suits for Plaintiff reside outside of the United States." Plaintiff's Response, [Dkt. 76] at 7. Notably, Plaintiff does not substantiate this attorney argument with any evidence, notwithstanding the Court's prior order that gave Plaintiff the ability to determine the locations of each of the improperly-joined defendants. We do not try people and entities under our system of justice by figuring out who has done activity that a Plaintiff thinks is similar to something someone else has done and then broad brush stroke liability against everyone an overzealous Plaintiff puts on a sealed list of defendants. Basic due process requires Plaintiff to identify specific claims against specific individuals and prove up those claims. Plaintiff concedes through its broad brush stroke that it knows nothing specific about Bigfinz and has no basis to challenge Bigfinz's explanation that he is a resident of Florida. Worse, Plaintiff forces the Court to devote its resources to this notwithstanding the fact that Mr. Loplitano (a/k/a Bigfinz) only received $201.50 in connection with Teepublic's sales of goods associated with Bigfinz in a 3 year period. *See* Exhibit A at ¶ 12.

Plaintiff next argues that Defendant should have known Plaintiff was proceeding with default activity, notwithstanding Defendant was unaware Plaintiff believed it had served Defendant. As a reminder, Plaintiff proceeded with the entirety of this case being managed under seal, and the Clerk did not unseal the records until after undersigned called the clerk on October 3, 2023. Defendant's counsel was also unable to access his CM/ECF credentials in the Northern

District of Illinois because he has not appeared in this court *pro hac vice* since 2010 and all password reset emails were going to his prior firm.

Plaintiff next argues that Defendant has made contradictory statements, namely "Defendant claims to not have had notice of this matter but also claims to have '… been in contact with counsel for Plaintiff since as early as September 19, 2023.'" Plaintiff's Response, [Dkt. 76] at 7. Again, Plaintiff simply misstates the issue and combines separate points. Notice and service of process are not the same. At no point did Plaintiff ever once respond to Defendant's counsel and indicate it believed it had served Defendant, or that it intended to pursue a motion for default. Worse, notwithstanding Plaintiff's knowledge that Defendant was represented by counsel (who was defending the matter), Plaintiff never once provided the motion for default judgment or its associated memorandum to counsel, let alone provide any notice that the Court intended to have a hearing on the motion.

Default judgment is a "weapon of last resort, appropriate only when a party willfully disregards pending litigation." *Escamilla v. United States*, 62 F.4th 367, 372 (7th Cir. 2023). Defendant was never served with process, and can't be served pursuant to Fed. R. Civ. P. 4(f) because he is in the United States. As such, the default judgment must be vacated permitting resolution of this matter on its merits.

### **Defendant has demonstrated good cause**

Defendant has clearly demonstrated good cause. Defendant was not aware that Plaintiff believed service of process had been made. The pleadings in this matter were under seal prohibiting Defendant (and its counsel) from even having access to most of the docket until at least October 4, 2023 (the day after Defendant's counsel called the Clerk of Court to ask when the documents would be unsealed).

4

Nine days later, on October 13, 2023, Defendant served on Plaintiff via email its Motion To Dissolve Injunction, Motion To Dismiss For Lack Of Personal Jurisdiction, Motion To Sever For Improper Joinder, And Motion To Find Case Exceptional. *See* [Dkt. 59]. Notably, Defendant served this via email because it still did not have access to its CM/ECF account because it was associated with counsel's prior firm from back in 2010. *See id*. at 11 ("While undersigned was awaiting a password re-set, undersigned further certifies that on October 13, 2023 a true and correct copy of the foregoing was served via email…"). Again, Plaintiff never once responded indicating it believed Defendant had been served or that it had pursued a motion for default.

Defendant also demonstrated quick action to vacate the default. On October 13, Defendant served its Motion to Dismiss on Plaintiff's counsel. That same day, unbeknownst to Defendant, Plaintiff apparently took up a motion for default that Defendant's counsel was unaware had been filed. Defendant's counsel was in Europe from October 19 – 24. On October 19, the Court entered its default judgment. [Dkt. 60]. Immediately upon learning of it, Defendant filed a motion to set it aside. That motion was filed the very next day on October 20. *See* [Dkt. 63]. Defendant has acted expeditiously to both defend itself and seek to vacate the default.

Defendant clearly has meritorious defenses. Defendant need not prove up its defense to vacate default. *See Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014) First, it is not subjected to personal jurisdiction in this Court, as explained in Defendant's motion. *See* [Dkt. 59]. Second, trademark infringement is a fact intensive inquiry that requires analyzing the likelihood of confusion factors to determine how a relevant consumer would respond to the challenged item. *See CAE, Inc. v. Clean Air Eng'g, Inc.*, 267 F.3d 660, 677–78 (7th Cir. 2001) ("Seven factors comprise the likelihood of confusion analysis: (1) similarity between the marks in appearance and suggestion; (2) similarity of the products; (3) the area and manner of concurrent

5

use; (4) the degree of care likely to be exercised by consumers; (5) the strength of the plaintiff's mark; (6) whether actual confusion exists; and (7) whether the defendant intended to "palm off" his product as that of the plaintiff.") A fulsome analysis of these factors will confirm that no consumer would be confused by Defendant's designs. Defendant's accused design is clearly non-infringing, as no reasonable consumer would be confused.

Defendant also has a defense that is sometimes labeled a nominative fair use. Some courts consider this an affirmative defense, while others consider it a denial of Plaintiff's prima facie case. *Compare New Kids on the Block v. News Am. Publ'g, Inc.*, 971 F.2d 302, 308 (9th Cir. 1992) *with e.g. Paccar Inc. v. Telescan Techs., L.L.C.,* 319 F.3d 243, 256 (6th Cir. 2003). The Seventh Circuit has not ruled on the applicability of this standard, but Courts in this Circuit recognize the defense. *See e.g. World Impressions, Inc. v. McDonald's Corp.*, 235 F. Supp. 2d 831, 842-43 (N.D. Ill. 2002). The Court need not delve into this issue presently, as the moniker of the defense is not controlling. Whether an affirmative defense or a denial of the likelihood of confusion factors, it is not infringing "where the defendant uses a trademark to describe the plaintiff's product, rather than its own." *See New Kids on the Block*, 971 F.2d at 308; *Paccar*, 319 F.3d at 256. The accused usage here will satisfy that standard. Putting aside that the internet is full of providers of apparel and products from vendors other than Plaintiff using the phrase "Eat. Sleep. Roblox. Repeat.", the use of the word "Roblox" there is simply to identify Plaintiff, not any of Plaintiff's products. A factfinder will need to consider this – among all of the evidence – in addressing Plaintiff's claim. This defense is a meritorious defense and should be addressed on its merits. Defendant clearly has meritorious defenses, and our system favors resolution on the merits of the matter further warranting vacating the default.

**Defendant is Not Subject to Personal Jurisdiction in this Court**

6

Plaintiff devotes the initial section of its response to Defendant's motion to dismiss for lack of personal jurisdiction. Plaintiff's argument confirms that this Court does not have personal jurisdiction over Defendant, and thus demonstrates that dismissal will be proper after the Court vacates the default. But for purposes of resolving the question of whether to vacate the default, Plaintiff's brief demonstrates that Defendant has a meritorious defense because Plaintiff devotes almost half of its brief to responding to it.

Substantively, Plaintiff is simply wrong in its personal jurisdiction analysis and argument. Plaintiff argues that "Defendant established and operated a commercial, interactive online store through which U.S. customers could purchase its products…" Plaintiff's Response, [Dkt. 76] at 3. But that is not true. As explained in Defendant's motion to dismiss, third-party Teepublic is who operates an online store and engages in commerce. Indeed, Defendant has no idea who Teepublic sells anything to. *See* Exhibit A at ¶ 11 ("I uploaded a design to Teepublic. Teepublic is who sells any products using my design. I do not know who they sell the design or products to.") Thus, Defendant has not made any offers to sell any products in Illinois, and indeed as Defendant testified, he simply has no contacts with Illinois. *Id*. at ¶¶ 3-5, 8-10. He owns no property in Illinois. He owns no business in Illinois. He has not done any business in Illinois. He does not employ anyone in Illinois. He does not have any offices or agents in Illinois. He has not shipped any products into Illinois. To his knowledge, he has not received a penny from anyone in Illinois. He is simply not subjected to personal jurisdiction in Illinois.

Plaintiff next argues that "[a]s a merchant who is marketing, selling and agreeing to ship goods to Illinois residents, Defendant has purposefully availed himself of the privilege of conducting business in Illinois." Plaintiff's Response, [Dkt. 76] at 4. Again, Plaintiff builds its strawman on a false narrative. Defendant does no marketing. Defendant does no selling.

Defendant does no shipping. Defendant uploaded a design to a third-party website. Teepublic may be offering products and services for sale, but those are not claims Plaintiff can bring against Defendant.

Plaintiff's reliance on *Curry v. Rev Labs, LLC*, 949 F.3d 385, 399, 399 (7th Cir. 2020) is entirely misplaced as it is clearly distinguishable. There, the defending party admittedly sold hundreds of products to Illinois residents. *Id*. Here, Defendant does not sell products itself, and the party that does (Teepublic), does not tell Defendant where it sells them. *See* Exhibit A at ¶ 11 ("Teepublic is who sells any products using my design. I do not know who they sell the design or products to.")

Plaintiff also ignores that the Seventh Circuit will not find personal jurisdiction where the contacts with the forum state are "entirely fortuitous." *See Adv. Tactical Ordinance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 802 (7th Cir. 2014). Defendant here has no contacts with Illinois, let alone even those that might be considered fortuitous.

Plaintiff next includes a boilerplate paragraph attempting to argue that Defendant – an individual who lives in Florida – is subjected to general personal jurisdiction in Illinois. But Plaintiff's argument is entirely without merit and appears to simply be a cut-and-paste from some subject-matter jurisdiction brief. As explained in Defendant's motion to dismiss, general jurisdiction over an individual "is the individual's domicile." *See Goodyear Dunlop tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Defendant is domiciled in Florida. *See* Exhibit A at ¶ 2 ("I am a resident of Florida. I am domiciled in Florida."). There is no general personal jurisdiction over Defendant (and no reasonable basis to argue to the contrary). Defendant's motion to dismiss should be granted.

## CONCLUSION

The default entered against Defendant Bigfinz should be vacated because Bigfinz was never served with process. Bigfinz has meritorious defenses and has acted expeditiously, particularly in light of Plaintiff's attempt to shield all pleadings from the public (and potential counsel for all of the unnecessarily-cobbled-together defendants). The Court should vacate the default.

Date: November 6, 2023

*/s/ Woodrow Pollack*
Woodrow H. Pollack
*Admitted Pro Hac Vice*
Florida Bar No. 26802
**SHUTTS & BOWEN, LLP**
4301 W Boy Scout Blvd
Suite 300
Tampa, FL 33607
(813) 463-4894
wpollack@shutts.com
bpaul@shutts.com

***Counsel for Defendant Bigfinz***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 6, 2023 a true and correct copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.

*/s/ Woodrow H. Pollack*
Woodrow H. Pollack