**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ROBLOX CORPORATION, | |
| Plaintiff, | |
| v. | Case No.: 23-cv-5346 |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO, | Judge Thomas M. Durkin |
| Defendants. | |

**PLAINTIFF'S RESPONSE TO MOTION OF DEFENDANT NO. 220 "BIGFINZ"
TO DISMISS AND AWARD ATTORNEY FEES**

Plaintiff, ROBLOX CORPORATION, ("ROBLOX" or "Plaintiff"), responds to the

Motion to Dismiss and Award Attorney Fees by Defendant No. 220 "Bigfinz" ("Motion") as

follows:

I.   INTRODUCTION

Defendant makes several unsupported allegations against Plaintiff. Defendant

erroneously claims that this Court lacks jurisdiction while ignoring the fact that Defendant

marketed and attempted to sell a product which infringed Plaintiff's ROBLOX Trademark in this

jurisdiction, in violation of the Lanham Act. Defendant also attempts to pass off any liability for

infringing Plaintiff's mark onto the e-commerce platform which provided Defendant a means to

market and sell its goods. Defendant also claims that they are entitled to attorney fees because

this case is "exceptional" while ignoring the fact that they have purposefully infringed Plaintiff's

valid registered trademark and attempted to sell counterfeit products online.

For the reasons set forth below, Defendant's unsupported arguments fail and, as a result, Defendant's Motion should be denied.

## II.  ARGUMENT

### A.  Defendant Fails to Demonstrate that This Court Lacks General Jurisdiction

Defendant claims that this Court allegedly lacks general jurisdiction but fails to substantiate those claims or provide anything more than the statement that "Defendant is domiciled in Florida and thus not subjected to general jurisdiction in Illinois." (Defendant's Motion, pg. 4, [Dkt. No. 59]).

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq.; 28 U.S.C. § 1338(a) - (b) and 28 U.S.C. § 1331.  This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

As a result, Defendant's claims that this Court lacks general jurisdiction fail and the Motion to Dismiss should be denied.

### B.  This Court has Personal Jurisdiction Over Defendant

By offering to sell products in Illinois, Defendant is subject to this Court's jurisdiction. When determining whether a District Court has jurisdiction over a defendant accused of selling counterfeit products online, the Seventh Circuit has stated that:

> "First, the defendant's contacts with the forum state must show that it purposefully availed itself of the privilege of conducting business in the forum state or purposefully directed its activities at the state. Second, the plaintiff's alleged injury must have arisen out of the defendant's forum-related activities. And finally, any exercise of personal

jurisdiction must comport with traditional notions of fair play and substantial justice." *NBA Properties, Inc. v. HANWJH*, 46 F.4th 614, 623 (7th Cir. 2022).

1. Defendant Purposefully Availed Itself to this Court's Jurisdiction

By conducting business in Illinois, Defendant purposefully availed itself of jurisdiction in Illinois. The Seventh Circuit has consistently ruled that businesses that reach out to do business with Illinois residents create sufficient minimum contacts for jurisdictional purposes. In *Illinois v. Hemi Grp. LLC*, the Seventh Circuit explained that "Hemi stood ready and willing to do business with Illinois residents." 622 F.3d 754, 757-58 (7th Cir. 2009). "It is Hemi reaching out to residents of Illinois, and not the residents reaching back, that creates the sufficient minimum contacts with Illinois that justify exercising personal jurisdiction over Hemi in Illinois." *Id*. at 758. As such, specific jurisdiction is proper where a company "h[olds] itself out as open to do business with every state" and is "ready and willing to do business with [that state's] residents." *Id*. As a result, Defendant should have foreseen being subject to litigation in the United States, including Illinois, as a result of offering for sale and selling its Counterfeit Products.

In the present case, Defendant advertised and offered to sell infringing ROBLOX Products within this Court's jurisdiction by offering to sell and ship a product to an address in Bensenville, Illinois. *See* Exhibit A, pg. 5. As such, Defendant's activities of offering to sell and ship counterfeit products to the State of Illinois demonstrate that Defendant purposefully directed its activities to this State and has purposefully availed itself of the privilege of conducting business in this forum State. As such, Defendant's actions have created sufficient minimum contacts with Illinois to establish personal jurisdiction.

Illinois courts have consistently exercised personal jurisdiction over non-resident e-commerce store operators. *See, e.g., Mori Lee v. Partnerships*, No. 19-cv-7555 (N.D. Ill. May

3

14, 2020) (Docket No. 60) (Kennelly, J.); *Volkswagen AG v. iman365-usa,* No. 18-cv-06611, 2020 U.S. Dist. LEXIS 34218, at *11 (N.D. Ill. Feb. 28, 2020); *Monster Energy Co.*, 136 F. Supp. 3d at 909 (N.D. Ill. 2015) (same); *Christian Dior Couture, S.A.*, 2015 U.S. Dist. LEXIS 158225 at *6 (N.D. Ill. 2015) (same); *see also*, *Dental Arts Lab., Inc. v. Studio 360 The Dental Lab, LLC*, 2010 WL 4877708, at *7 (N.D. Ill. Nov. 23, 2010) ("As long as one tortious act is committed in Illinois, the courts of the state, and thus this Court, may exercise personal jurisdiction over Defendant.").

As a merchant who is marketing, selling and agreeing to ship goods to Illinois residents, Defendant has purposefully availed themself of the privilege of conducting business in Illinois, which also gives this Court specific personal jurisdiction over Defendant under the Illinois long-arm statute. See 735 ILCS 5/2-209.

    2. <u>Plaintiff Has Been Injured by Defendant's Activities</u>

Defendant's infringement of Plaintiff's ROBLOX Trademark has caused injury to Plaintiff, thus satisfying the second element. Defendant is not authorized to use Plaintiff's ROBLOX Trademark, nor is Defendant an authorized retailer for Plaintiff. *See* Exhibit B – Decl. of Christian Bayley ¶ 10). Plaintiff is the owner of Trademark Registration No. 6,200,694 for the "ROBLOX" word mark (collectively, the "ROBLOX Trademark"). *Id.* ¶ 5. Plaintiff's Trademark is distinctive and identifies the merchandise as goods from Plaintiff. *Id.* ¶ 6. Additionally, Plaintiff's Trademark has been continuously used and never abandoned. *Id.* ¶ 7.

Plaintiff's goodwill and reputation are irreparably damaged when the ROBLOX Trademark is used on goods not authorized, produced or manufactured by Plaintiff. *Id.* ¶ 18. Moreover, consumer brand confidence is damaged, which can result in a loss of future sales and market share. *Id*. The extent of harm to Plaintiff's reputation and goodwill and the

4

possible diversion of customers due to loss in brand confidence are largely unquantifiable. *Id*.

Plaintiff is further irreparably harmed by the unauthorized use of the ROBLOX Trademark because counterfeiters take away Plaintiff's ability to control the nature and quality of products used with the ROBLOX Trademark. *Id*. ¶ 19. Loss of quality control over goods using the ROBLOX Trademark and, in turn, loss of control over Plaintiff's reputation is neither calculable nor precisely compensable. *Id*. The sale of Counterfeit ROBLOX Products using the ROBLOX Trademark also causes consumer confusion, which weakens Plaintiff's brand recognition and reputation. *Id*. ¶ 20. Consumers who mistakenly believe that the Counterfeit ROBLOX Products they have purchased originated from Plaintiff will come to believe that Plaintiff offers low-quality products. *Id.* ¶ 20. Inferior quality products will result in increased skepticism and hesitance in consumers presented with genuine ROBLOX Products, resulting in a loss or undermining of Plaintiff's reputation and goodwill. *Id.* ¶ 20. Counterfeit ROBLOX Products, primarily coming from China, can be extremely dangerous and present alarming safety hazards to children. *Id*.

Plaintiff is further irreparably damaged due to a loss in exclusivity. *Id.* ¶ 21. ROBLOX Products are meant to be exclusive. *Id*. Plaintiff's extensive marketing and distribution of ROBLOX Products are aimed at growing and sustaining sales of ROBLOX Products. *Id*. The ROBLOX Trademark is distinctive and signifies to consumers that the products originate from Plaintiff and are manufactured to Plaintiff's high-quality standards. *Id*. When counterfeiters use the ROBLOX Trademark on goods without Plaintiff's authorization, the exclusivity of Plaintiff's products, as well as Plaintiff's reputation, are damaged and eroded, resulting in a loss of unquantifiable future sales. *Id*.

As such, Plaintiff has been injured by Defendant's actions and therefore has sufficiently satisfied the second prong of the Seventh Circuit's jurisdictional test.

3. The Exercise of Personal Jurisdiction Comports with Traditional Notions of Fair Play and Substantial Justice

Finally, the Court must consider whether the exercise of personal jurisdiction over Defendant would offend traditional notions of fair play and substantial justice. *See N. Grain Mktg.,* 743 F.3d at 492 (quoting *Int'l Shoe,* 326 U.S. at 316, 66 S.Ct. 154). The factors considered are "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Felland,* 682 F.3d at 677 (quoting *Burger King,* 471 U.S. at 477, 105 S.Ct. 2174). "These factors rarely will justify a determination against personal jurisdiction." *Purdue Research Found.,* 338 F.3d at 781 n. 10. While Defendant may be burdened by having to defend an action in this state, "out-of-state defendants *always* face such a burden." *Felland,* 682 F.3d at 677 (emphasis in original). Notably, despite any potential claims of hardship, Defendant has already … engaged in motion practice in this court. *See Jackson v. N'Genuity Enterprises, Co.,* 2014 WL 4269448 (2014) (finding, in part, that exercising personal jurisdiction over the defendant did not run afoul of traditional notions of fair play and substantial justice where the defendant had been litigating in this forum). Moreover, modern transportation and communications have made it much less burdensome for a party to defend itself in a state where he derives economic benefits, and it usually will not be unfair to subject him to the burdens of litigating in another forum. *Burger King,* 471 U.S. at 474, 105 S.Ct. 2174. Illinois has an interest in protecting Illinois consumers from being deceived into

6

purchasing counterfeit ROBLOX Products. As such, exercising personal jurisdiction over Defendant does not run afoul of traditional notions of fair play and substantial justice.

This Court has specific personal jurisdiction over Defendant in this case, and the Court should deny Defendant's Motion based on lack of personal jurisdiction. Therefore, for the reasons stated above, this Court has jurisdiction over Defendant since Defendant has advertised products in this jurisdiction and Defendant could reasonably be expected to be haled into Court as a result of those activities.

C. Personal Jurisdiction is Proper Because Defendant Targeted and Reached Out To Do Business with Illinois Residents

Defendant also fails to demonstrate that this Court lacks personal jurisdiction. Defendant bears the burden of demonstrating that the Court lacks jurisdiction. See *Bally Exp. Corp. v. Balicar, Ltd.*, 804 F.2d 398, 401 (7th Cir. 1986); *Philos Technologies, Inc. v. Philos & D, Inc*., 645 F.3d 851, 857 (7th Cir. 2011) ("[A] defendant who asserts a jurisdictional defense … bears the burden of proving that the court lacked jurisdiction over his or her person.").

In the present case, the Defendant has not met that burden. In determining whether specific personal jurisdiction exists, the Court would first determine if Defendant has "'purposefully established minimum contacts within the forum State.'" *Hyatt International Corp., v. Gerardo Coco*, 302 F.3d 707, 716 (7th Cir. 2002) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)). The Court should determine whether Defendant "'should reasonably anticipate being haled into court [in Illinois].'" *Id*. (quoting *Burger King*, 471 U.S. at 474). It is reasonable for Defendant to anticipate being haled into an Illinois court when he has "'purposefully availed himself of the privilege of conducting activities' there." Id. (quoting Burger King, 471 U.S. at 475).

7

Defendant established and operated a commercial, interactive online store through which U.S. customers could purchase its products, thus holding itself out as open to do business with every state, including Illinois. *See Volkswagen AG,* 2020 U.S. Dist. LEXIS 34218, at *9 (*citing Hemi Grp. LLC*, 622 F.3d at 758) (online purchases were not unilateral actions by customers—which generally would not satisfy the "minimum contact" requirement—where the defendant operated a commercial website open to business with the forum state); *see also*, *Valtech, LLC v. 18th Ave. Toys Ltd.,* 2015 U.S. Dist. LEXIS 17138, at *12 (N.D. Ill. Feb. 12, 2015).

Defendant's e-commerce store, "Bigfinz", advertised and was ready and willing to ship Infringing ROBLOX products throughout the United States, including Illinois. Defendant agreed to sell and ship an infringing product to 1001 Foster Avenue in Bensenville, Illinois 60106, which is located within this Court's jurisdiction on July 4, 2023. *See* Exhibit A – Evidence of Infringement. Courts in this district have regularly found jurisdiction over e-commerce stores based on an offer for sale of infringing product. *See, Monster Energy Company v. Chen Wensheng, et al.*, 136 F. Supp. 3d 897, 909 (N.D. Ill. 2015) ("defendants' offers to sell counterfeit Monster Energy Products on their Internet stores constitute tortious activity committed in Illinois sufficient to establish personal jurisdiction"); *Christian Dior Couture, S.A.*, *S.A. v. Lei Liu et al.*, 2015 U.S. Dist. LEXIS 158225, at *6 (N.D. Ill. Nov. 17, 2015) (same).

As a merchant who is marketing, selling and agreeing to ship goods to Illinois residents, Defendant has purposefully availed himself of the privilege of conducting business in Illinois, which gives this Court specific personal jurisdiction over Defendant under the Illinois long-arm statute. See 735 ILCS 5/2-209. Defendant has failed to present any evidence to the contrary in

8

its Motion or that it expressly prohibited the sale of goods to Illinois. Furthermore, Defendant's feeble attempt to shirk responsibility because "[t]he third-party website (Teepublic) is who offered any products for sale" (Defendant's Motion, pg. 5, [Dkt. No. 59]) fails and is without merit. Defendant admits in their declaration to uploading designs for sale on the e-commerce platform of TeePublic. (Defendant's Declaration, ⁋ 11, [Dkt. No. 59-1]). Additionally, Defendant admits to receiving funds in the amount fo $201.50 from TeePublic, presumably from the sale of their infringing products. *Id.* ⁋ 10, 12, [Dkt. No. 59-1]. Defendant clearly and admittedly received income from the sale of their infringing products and any attempt to pass the burden on the TeePublic e-commerce platform lacks merit. As a result, Defendant has purposely availed itself of the privilege of conducting business in Illinois.

The Seventh Circuit has consistently ruled that businesses reaching out to do business with residents in Illinois create sufficient minimum contacts for jurisdictional purposes. As noted above, in *Illinois v. Hemi Grp. LLC*, the Seventh Circuit explained that, "Hemi stood ready and willing to do business with Illinois residents." 622 F.3d 754, 757-58 (7th Cir. 2009). "It is Hemi reaching out to residents of Illinois, and not the residents reaching back, that creates the sufficient minimum contacts with Illinois that justify exercising personal jurisdiction over Hemi in Illinois." *Id.* at 758. As such, specific jurisdiction is proper where a company "h[olds] itself out as open to do business with every state" and is "ready and willing to do business with [that state's] residents." *Id.*

Following *Hemi*, the Seventh Circuit in *Curry v. Revolution Labs., LLC* recently determined that personal jurisdiction was proper over non-resident e-commerce store operators:

> We are satisfied that Revolution has formed sufficient minimum contacts with Illinois. Like Hemi, Revolution sells its products only online through its

9

> website and third-party websites. Revolution's interactive website for the sale of its products requires the customer to select a shipping address. Illinois is among the "ship-to" options from which the customer must choose. Illinois residents purchasing Revolution's products also receive an email from Revolution thanking them for their business, confirming their order, and listing the Illinois shipping address.

949 F.3d at 385, 399 (7th Cir. 2020). Thus, Illinois courts have consistently exercised personal jurisdiction over non-resident e-commerce store operators. *See, e.g., Mori Lee v. Partnerships*, No. 19-cv-7555 (N.D. Ill. May 14, 2020) (Docket No. 60) (Kennelly, J.); *Volkswagen AG v. iman365-usa,* No. 18-cv-06611, 2020 U.S. Dist. LEXIS 34218, at *11 (N.D. Ill. Feb. 28, 2020); *Monster Energy Co.*, 136 F. Supp. 3d at 909 (N.D. Ill. 2015) (same); *Christian Dior Couture, S.A.*, 2015 U.S. Dist. LEXIS 158225 at *6 (N.D. Ill. 2015) (same); *see also*, *Dental Arts Lab., Inc. v. Studio 360 The Dental Lab, LLC*, 2010 WL 4877708, at *7 (N.D. Ill. Nov. 23, 2010) ("As long as one tortious act is committed in Illinois, the courts of the state, and thus this Court, may exercise personal jurisdiction over Defendant.").

As such, this Court has specific personal jurisdiction over Defendant for this case, and the Court should deny Defendant's Motion based on lack of jurisdiction. See also, *Mercantile Cap. Partners v. Agenzia Sports, Inc*., No. 04-cv-5571, 2005 WL 351926, at *2 (N.D. Ill. Feb. 10, 2005) ("[A] single tortious act occurring in Illinois will establish jurisdiction in Illinois even though the defendant has no other contact in Illinois and has never been to Illinois." (internal quotation marks omitted)).

D. Attorney Fees are Not Warranted

Established precedent warrants that Defendant is not entitled to attorney fees. The "basic point of reference when considering the award of attorney's fees is the bedrock principle known as the American Rule: each litigant pays his own attorneys' fees, win or lose, unless a statute or contract provides otherwise." *Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2164 (2015).

10

The Lanham Act provides an exception to that rule, that a "court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). The Seventh Circuit adopted the Supreme Court's standard from the patent infringement case *Octane Fitness, LLC v. ICON Health & Fitness, Inc*., which defines an "exceptional case" as one that "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014); *LHO Chicago River, L.L.C. v. Perillo*, 942 F.3d 384, 388–89 (7th Cir. 2019) (applying *Octane Fitness to trademark cases*).  Furthermore, a party requesting fees under the Lanham Act bears the burden of proving by a preponderance of the evidence that the case is "exceptional" and sufficient to warrant an award of attorneys' fees. *See Octane*, 572 U.S. at 557–58.

To determine whether the case is exceptional, the district court examines the totality of the circumstances and does so on a case-by-case basis. *LHO Chicago River v. Perillo*, 942 F. 3d at 388–89. For the totality of the circumstances analysis, Courts look to factors such as "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Halo Creative and Design Limited v. Comptoir Des Indes Inc.*, No. 14-C-8196, 2018 WL 4742066, at *8 (N.D. Ill. Oct. 2, 2018) (internal citations omitted) (finding an "exceptional case" where willful infringement continued after the lawsuit was filed). The factors are guides for the court, and a party need not prove that a case satisfies all of these factors—or even one of these factors—to be found "exceptional." See *Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*, 726 F.3d 1359, 1366 (Fed. Cir. 2013) (stating that many facts can support an exceptional case finding, including "unjustified, and otherwise bad faith litigation; or willful

11

infringement."); *BASF Corp. v. Old World Trading Co.*, 41 F.3d 1081, 1099 (7th Cir. 1994) (affirming award of attorneys' fees in an exceptional case when defendants *deliberately* engaged in false advertising even though Defendant's conduct "was not malicious").

As shown in the Seventh Circuit cases cited above, "exceptional" cases are those where illegal or extremely negligent behavior on behalf of one of the parties took place, which did not occur in the present case. In the present case, Plaintiff had a good-faith basis for including Defendant in the present lawsuit. Without authorization, Defendant used the "ROBLOX" mark to market and sell products on the TeePublic e-commerce platform. *See* Exhibit A – Evidence of Infringement. Defendant does not deny that the product at issue does not belong to them or that they were authorized to use the ROBLOX mark. Rather, Defendant claims that this case is "exceptional" because the infringing sales were minimal and the parties were unable to reach a settlement. (Defendant's Motion, pgs. 9-10 [Dkt. No. 59]. Defendant's allegations fail to rise to the level which would deem the present matter an "exceptional" case and therefore, Defendants' Motion should be denied.

III. CONCLUSION

In conclusion, for the reasons stated above, Defendant's Motion to Dismiss and for Attorney Fees should be denied.

Respectfully submitted,

Dated: November 10, 2023

By:     s/Michael A. Hierl
        Michael A. Hierl (Bar No. 3128021)
        William B. Kalbac (Bar No. 6301771)
        Robert P. McMurray (Bar No. 6324332)
        Hughes Socol Piers Resnick & Dym, Ltd.
        Three First National Plaza
        70 W. Madison Street, Suite 4000
        Chicago, Illinois 60602
        (312) 580-0100 Telephone

12

mhierl@hsplegal.com
wkalbac@hsplegal.com
Attorneys for Plaintiff
ROBLOX CORPORATION

13

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned attorney hereby certifies on November 10, 2023, that a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court and served on all counsel of record and interested parties via the CM/ECF system.

*/s/ Michael A. Hierl*
