UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBLOX CORPORATION, | |
| Plaintiff, | No. 23 C 5346 |
| v. | Judge Thomas M. Durkin |
| BIGFINZ, | |
| Defendant. | |

MEMORANDUM OPINION AND ORDER

Defendant Bigfinz has moved to dismiss for lack of personal jurisdiction. In support of personal jurisdiction, Plaintiff Roblox relies on case law finding personal jurisdiction over online retailers. *See Illinois v. Hemi Grp. LLC*, 622 F.3d 754 (7th Cir. 2009); *Curry v. Revolution Labs., LLC*, 949 F.3d at 385 (7th Cir. 2020). But in both *Hemi* and *Curry*, the defendants actually sold products in Illinois. Here, none of Bigfinz's t-shirts were sold in Illinois. Roblox merely shows that it is possible to purchase Bigfinz's t-shirts and have them shipped to Illinois. *See* R. 79-1. Courts in this District, however, agree that in infringement cases like this the online retailer generally must have sold at least one product in Illinois for personal jurisdiction to exist here. *See, e.g., Sun Chenyan v. The P'Ships*, 2021 WL 1812888, at *5 (N.D. Ill. May 6, 2021) ("Finding specific personal jurisdiction here would likely give rise to universal personal jurisdiction because users from across the country, except those from a handful of places, could purchase from the eBay Stores."); *Rubik's Brand, Ltd. v. Partnerships*, 2021 WL 825668, at *4 (N.D. Ill. Mar. 4, 2021) ("That an Illinoisan

might someday find [the defendant's] website and decide to purchase a counterfeit Rubik's product from the site simply does not suffice to vest the Court with personal jurisdiction over [the defendant].");  *MSM Design & Eng'g LLC v. Partnerships*, 2021 WL 3187706, at *3 (N.D. Ill. July 28, 2021) ("Recent decisions from this District have amplified that the mere possibility a product could be ordered online and shipped to Illinois is not, by itself, sufficient to form minimum contacts with this forum."). It is possible that a defendant may have minimum contacts with Illinois other than through sales, but Plaintiff does not contend that is true for Bigfinz. Because Bigfinz has never sold a t-shirt in Illinois and has no other contacts with Illinois, the Court does not have personal jurisdiction over Bigfinz, and Bigfinz's motion to dismiss is granted.

Bigfinz also seeks attorney's fees as a prevailing party pursuant to 15 U.S.C. § 1117 ("The court in exceptional cases may award reasonable attorney fees to the prevailing party."). Bigfinz argues that this is an "exceptional case" because Roblox "has cobbled together 250+ unrelated defendants, proceeded under seal to hide from defendants the nature of the allegations against each individual defendant, and then used injunctions granted based on misleading presentations to hold hostage Defendant's PayPal account in an effort to exact unreasonable settlement payments." R. 59 at 9.

Whether or not Roblox's conduct meets the standard under 15 U.S.C. § 1117, the Court has the power to sanction conduct that "unreasonably and vexatiously . . . multiplies the proceedings." 28 U.S.C. § 1927. Furthermore, the Court has

"inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before it, and pursuant to that authority may impose appropriate sanctions to penalize and discourage misconduct." *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016). Whether pursuant to § 1927 or the Court's inherent authority, sanctions are only appropriate upon a finding of bad faith. *See Ebmeyer v. Brock*, 11 F.4th 537, 546 (7th Cir. 2021); *4SEMO.com Inc. v. S. Illinois Storm Shelters, Inc.*, 939 F.3d 905, 913 (7th Cir. 2019). "Objective bad faith consists of reckless indifference to the law: pursu[ing] a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound." *4SEMO*, 939 F.3d at 913.

The Court finds that Roblox multiplied the proceedings of this case in bad faith. Roblox's complaint and motions for injunctive relief are premised on the allegations that the defendants are located outside the United States and would "destr[oy] relevant documentary evidence and [hide] or transfer[] assets to foreign jurisdictions." *See* R. 6 at 1. Roblox also alleged that, "Upon information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their Amazon accounts to off-shore bank accounts outside the jurisdiction of this Court." *See* R. 11-1.

But as early as September 19, 2023 when Bigfinz's counsel communicated by email with Roblox's counsel, Roblox learned that Bigfinz was located in Florida and has sold only $201.50 worth of the allegedly infringing t-shirts. Having learned this information, Roblox should have understood that none of the concerns Roblox

3

articulated in its complaint, motion to seal, and motion for a temporary restraining order were relevant to Bigfinz. Yet, rather than resolving what the Court presumes are plausible allegations of infringement for the minimal amount of money at issue, Roblox did the following: filed a motion for default and opposed the motion to vacate default; opposed this motion to dismiss; and opposed lifting of the restraining order on Bigfinz's funds that were far in excess of the $201.50 at issue here. These actions were unreasonable considering the small amount of money at issue and the fact that Bigfinz does not pose any of the concerns Roblox articulated at the beginning of this case. Roblox never clearly articulated to the Court that Bigfinz was not the type of defendant Roblox described in its complaint and motions. These failures unnecessarily and unreasonably multiplied the proceedings against Bigfinz.

In this case, and the hundreds like it routinely filed in this District, plaintiffs join dozens or even hundreds of defendants in a single case, saving themselves thousands of dollars in filing fees. Many judges in this District permit this form of filing because—for the reasons Roblox articulated in its complaint, motion to seal, and motion for a temporary restraining order—it is the most efficient way to address the epidemic of counterfeit goods being sold in the United States on the internet by defendants located outside the United States. But by filing a complaint with many defendants, plaintiff's counsel assumes the responsibility to vigilantly and scrupulously monitor the case for defendants that do not fit the allegations and to promptly take appropriate action when such facts come to light. Roblox failed to do that here. This failure cost Bigfinz money in attorney's fees it should not have had to

expend, so a sanction is appropriate here. Roblox is ordered to pay Bigfinz's attorney's fees for: (1) preparing the motion to vacate default and reply; (2) the motion to dismiss and reply; and (3) for appearing at hearings on October 26, 2023 and November 8, 2023.

## Conclusion

Therefore, Bigfinz's motion [59] is granted in accordance with this order. Roblox's claims against Bigfinz are dismissed.

ENTERED:

_Thomas M. Durkin_
_____
Honorable Thomas M. Durkin
United States District Judge

Dated:  November 29, 2023